■ In the Matter of the Claim of Holt Smith, Respondent, v. Humboldt Dye Works, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Staley, Jr., J. Appeal from a decision of the Workmen's Compensation Board, filed May 16, 1969, awarding benefits for disability caused by cancer of the bladder found by the board to be an occupational disease contracted by claimant by reason of his exposure to aniline dyes. Claimant worked for the employer, dyers of wool yarns, for about 25 years from 1941 until September, 1966 except for a year and one-half when he was in the armed forces. He worked as an assistant dyer, a dyer, and finally as a foreman in charge of dyeing which work required continuous contact with finished dyes. He was engaged in weighing powered dyes, mixing the dyes with chemical dyeing aids, and placing the dye preparation in dyeing machines where the yarns were dyed different colors. In the course of his work he would be in a hot, damp room where the dye powder would permeate the air and stick to his body and clothes and, when he mixed the dyes, vapor scented with the dyes and chemicals would be in the air which could be inhaled. In August, 1964 claimant's physician, while treating him for kidney stones, discovered he had a papillary tumor on his bladder, which was later resected. The employer's report of injury dated September 22, 1966 set forth the nature of injury as " Cancer of Bladder ". His condition was diagnosed as recurrent papillary tumors of the bladder which

may eventuate in malignancy. Appellants contend claimant's disease is not causally related to the occupational exposure, and the sole issue is whether or not there is substantial evidence that the disease is causally related to the occupation. Appellants' basic argument is that there is no substantial evidence that exposure to finished dyes will cause cancer of the bladder, although it is conceded that people engaged in the manufacture of dyes may be susceptible to such disease. Claimant relies on the testimony of two medical expert witnesses, Dr. Forest and Dr. Plaine, and a chemist Dr. Tenenbaum to substantiate his contention that the disease complained of has a recognizable link to the employment, and is an occupational disease. Dr. Tenenbaum testified that some of the dyestuffs that claimant was exposed to contained as a constituent alpha naphthalene and beta naphthalene, both of which were known carcinogens. He explained that when such dyes came in contact with the skin and are inhaled, the process of reductive degradation will take place, meaning the breaking down of the dyes into their constituent parts within the body. Dr. Forest, a urologist and claimant's personal physician, testified to causal relation between claimant's exposure to dyes and the development of cancer of the bladder stating: " I have accepted it through my years of practice, that a man who works in the analine dye industry and finds it necessary to be in intimate contact with the analine dyes is a high risk individual for the development of papillary tumors and, conversely, if I get a patient who has a papillary tumor and who has been an analine dye worker, I must make the assumption that there was a relationship between his previous contact with analine dyes and his subsequent development of a papillary tumor." Dr. Plaine, who is also a urologist, examined claimant on March 14, 1967 and performed a cystoscope on March 22, 1967, and diagnosed claimant's condition as " papillary carcinoma of the bladder". Dr. Plaine testified to causal relation between the exposure to dyes and the carcinoma of the bladder, and that men working with finished dyes were just as susceptible to the disease as those men who actually manufactured the dyes in dye factories. He stated: " the most impressive proof of this is the statistical studies that show that men who work in the aniline dye industry, in producing the dyes or in using them have a markedly increased incidence of tumors of the bladder than one would expect otherwise." Claimant's two medical expert witnesses then concluded that the cancer was caused by exposure to finished dyes containing analines, beta naphthylamines and alpha naphthylamines. Their testimony, when read in conjunction with that of Dr. Tenenbaum to the effect that certain dyes which claimant used, contained one or more recognized carcinogens as a constituent which could be reduced by degradation within the body sufficiently substantiates the finding that claimant's exposure to dyes resulted in the development of the occupational disease. Appellants' two medical experts testified that, in their opinion, there was no causal relation between claimant's work and the disease. The issue of causal relation thus presents the usual conflict of medical testimony which is a question of fact for the board to determine. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529; *Matter of Ransiear* v. *Lewis County Welfare Dept.,* 33 A D 2d 940; *Matter of Prue* v. *Empire Scrap Metals,* 32 A D 2d 680.) The record contains substantial evidence to support the board's finding of causal relationship. (Cf. *Matter of Benenati* v. *Tin Plate Lithographing Co.,* 29 A D 2d 805.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Staley, Jr., J.